# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ARES DEFENSE SYSTEMS, INC.,**

    **Plaintiff,**

v.                       Case No:   6:15-cv-1107-Orl-22DAB

**DIMITRIOS KARRAS, DOUBLE A INDUSTRIES, INC., LYCURGAN, INC., BRYCE STIRLEN, ARES ARMOR, INC. and LAKE HOUSE CAPITAL MANAGEMENT, LLC,**

    **Defendants.**

## ORDER

This cause comes before the Court on Defendants'—Dimitrios Karras, Lycurgan, Inc., and Double A Industries, Inc.—Objection (Doc. No. 73), to the Magistrate Judge's Report and Recommendation ("R&R"), (Doc. No. 70). Plaintiff ARES Defense Systems, Inc. responded in opposition, (Doc. No. 77). The R&R recommended that Defendants' Motions to Dismiss, or in the Alternative, Transfer Venue (Doc. Nos. 35 & 48) be denied. For the reasons stated herein, the Court will adopt and confirm the R&R and will deny Defendants' motions to dismiss, or in the alternative transfer venue.

### I.  BACKGROUND

On July 8, 2015, Plaintiff ARES Defense Systems, Inc. ("Plaintiff") filed a Complaint against Defendants Dimitrios Karras ("Karras"), Double A Industries, Inc. ("Double A"), Lycurgan, Inc. ("Lycurgan"), Bryce Stirlen ("Stirlen"), Ares Armor Inc., and Lake House Capital Management, LLC ("LHCM") for allegedly infringing its rights in the ARES mark in violation of

the Lanham Act.[1] (Doc. No. 1 ¶ 23). Plaintiff is a firearm manufacturing company located in Melbourne, Florida that has been using the ARES mark since 1999. (*Id.* ¶ 10). Double A and Lycurgan are companies owned and controlled by Karras. (*Id.* ¶ 16). Double A and Lycurgan claim to have been using the mark ARES ARMOR since 2010. (Doc. No. 73 at p. 5). Subsequently, on January 11, 2014, Double A filed an intent-to-use U.S. Trademark Application ("Application") for the ARES ARMOR mark. (Doc. No. 1 ¶ 13). On September 24, 2014, Plaintiff obtained an extension of time to oppose the Application. (*Id.* ¶ 14). Due to a November 2014 assignment of trademark rights, Defendants Ares Armor, Inc., LHCM, and Stirlen are the current owners of the rights in the ARES ARMOR mark. (*Id.* ¶ 15).

On November 9, 2015, Lycurgan and Double A filed a motion to dismiss, or alternatively, transfer venue. (Doc. No. 35). One month later, Karras filed the same. (Doc. No. 48). On January 20, 2016, the undersigned Judge referred the motions to the Magistrate Judge for issuance of an R&R. (Doc. No. 61). The Magistrate Judge held a hearing on the matter on February 9, 2010, (Doc. No. 65), and thereafter issued an R&R recommending that the undersigned Judge deny Defendants' motions. (Doc. No. 70). On March 29, 2016, Plaintiff filed a joint motion to dismiss Defendants Stirlen, Ares Armor, Inc., and LHCM from the lawsuit. (Doc. No. 74). Thus, this Order relates only to Defendants Double A, Lycurgan, and Karras.

## II.   LEGAL STANDARD

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v.*

---

[1] As the Magistrate Judge noted in the R&R, Defendants' do not raise any separate arguments related to the other counts in the Complaint, state trademark infringement and cybersquatting.

*Fed. Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011)[2] (per curiam). The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. Fed. R. Civ. P. 72(b)(3). *De novo* review of a magistrate judge's findings of fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). The district court "need only satisfy itself that there is no clear error on the face of the record" in order to affirm a portion of the Magistrate Judge's recommendation to which there is no timely objection. Fed. R. Civ. P. 72 advisory committee's note (1983) (citations omitted); *see also*, *Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993).

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss based on lack of personal jurisdiction. "A plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). If a defendant challenges personal jurisdiction "by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id*. However, the burden does not shift when "the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Id.*

For purposes of deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th

---

[2] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

Cir. 2010). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). However, the plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. DEFENDANTS' OBJECTIONS

Defendants' objected to the R&R. (Doc. No. 73). The Magistrate Judge provided a well-reasoned analysis of the issues raised in the motions to dismiss and at the hearing. For this reason, the undersigned Judge will adopt and confirm the R&R. Aside from Defendants' challenge of personal jurisdiction, many of Defendants' arguments are more properly raised at summary judgment with the benefit of a more developed record rather than on a motion to dismiss because Defendants dispute fact-intensive issues. At this stage in the litigation, Plaintiff need only plausibly state a claim for relief in a manner that sufficiently puts Defendants on notice of the claims against them. Nonetheless, the undersigned Judge will address Defendants' objections individually.

#### *A. Personal Jurisdiction*

"A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). Therefore, if both Florida's "long-arm" statute and the Constitution are satisfied, a federal district court may exercise jurisdiction over a nonresident defendant. *Id.*

*1. Florida's Long Arm Statute*

Defendants contest the Magistrate Judge's analysis of Florida's long-arm statute on the following grounds: (1) the plaintiff did not meet its burden to produce evidence once the defendant challenged the Court's jurisdiction; (2) the Court erred in refusing to follow *Alternate Energy Corp. v. Redstone*, 328 F. Supp. 2d 1379 (S.D. Fla. 2004) and *Sculptchair, Inc. v. Century Arts, Ltd*, 94 F.3d 623, 627 (11th Cir. 1996); and (3) there is no evidence that Plaintiff was harmed in Florida or anywhere else. (Doc. No. 73 at pp. 13–14).

Under Florida law, a court may exercise jurisdiction "over nonresident defendants who commit certain specific acts." *Licciardello*, 544 F.3d at 1283 (citing Fla. Stat. § 48.193). Relevant to the present case is Fla. Stat. § 48.193(1)(a)(2) (2013) providing that a Florida court may exercise jurisdiction over any person "who commit[s] a tortious act within the state." The parties do not dispute that this is the only relevant provision in this case. This provision imposes jurisdiction over an individual who commits a tort outside of Florida that causes injury inside the state. *Id*. If alleged trademark infringement on a website created in another state causes injury in Florida, the long-arm statute is satisfied. *Id.*

The plaintiff's initial burden is to allege in the complaint facts supporting the exercise of personal jurisdiction. *Randall*, 610 F.3d at 705. If a defendant challenges personal jurisdiction and submits evidence in support thereof, the burden shifts to plaintiff to produce evidence supporting jurisdiction. *Id*. The burden does not shift nor impose an evidentiary burden on plaintiff if "the defendant's affidavits contain only conclusory assertions." *Id*. Karras submitted his own affidavit and supplement thereto. (Doc. Nos. 48-1 & 73-1). The affidavits state that Karras is the president of Lycurgan and Double A (Doc. No. 48-1 ¶ 3); that Karras published in the newspaper an intent to use the ARES ARMOR name (*Id*. ¶ 11); that Karras updated information on the website from

which the alleged infringement occurred (*Id*. ¶ 10); that Karras was unaware of the existence of Plaintiff (*Id*. ¶ 14); that Karras uploaded photos onto the internet bearing the ARES ARMOR name (*Id.* ¶ 17); and that 2% of Lycurgan's online sales were to Florida. (Doc. No. 73-1 ¶ 11).[3]

Most of Karras's assertions do not rebut the exercise of personal jurisdiction under the "tortious act" provision of Florida's long-arm statute, and some of these assertions—such as Karras's involvement with the ARES ARMOR mark application and the sales website—tend to support personal jurisdiction. In any event, the evidentiary burden-shifting is not as absolute as Defendants suggest. The Court finds that Karras's Affidavit contains merely conclusory assertions. *Andersons, Inc. v. Enviro Granulation, LLC*, 2015 U.S. Dist. LEXIS 56883, at *6 (M.D. Fla. Apr. 30, 2015) ("the burden shifts back to the plaintiff to produce evidence supporting jurisdiction *unless* those affidavits contain only conclusory assertions . . . .") (emphasis added)). Therefore, the burden does not shift back to the plaintiff unless the defendant presents a meritorious argument. *See Sculptchair, Inc.*, 94 F.3d at 627. At this stage, "the court must construe all reasonable inferences in favor of the plaintiff." *Andersons, Inc.,* 2015 U.S. Dist. LEXIS 56883, at *6. As the Magistrate Judge thoroughly explained in the R&R, "injury from trademark infringement occurs in the state where the trademark owner resides." (Doc. No 70 at p. 12). Therefore, the Court determines that the Magistrate Judge did not err in its consideration of Defendants' Affidavits. The undersigned Judge agrees with the detailed analysis in the R&R and the recommendation that Florida's long-arm statute provides for jurisdiction over Defendants. (*Id.* at pp. 12–17).

---

[3] The Affidavit contains the following information that relates to a different provision of Florida's long-arm statute (the "carrying-on a business" provision of § 48.193(1)(a)(1)): that Karras did not travel to Florida, conduct business in Florida, and does not own property or assets in Florida (Doc. No. 481 ¶¶ 32–33); and that Lycurgan never had a physical presence in Florida (*Id.* ¶ 34). Since Plaintiff does not argue that this provision imposes personal jurisdiction on Defendants, these assertions are not relevant.

To the extent Defendants contend that the Magistrate Judge did not follow *Alternate Energy Corp.* and *Sculptchair Inc.*, the Court finds this argument without merit. Both cases pre-date the Eleventh Circuit cases the Magistrate Judge relies on. Lastly, Defendants contend that the "tortious act" provision of Florida's long-arm statute does not render them subject to the Court's personal jurisdiction because there is no evidence that Plaintiff was harmed. (Doc. No. 73 at p. 14). The Court emphasizes that evidence that Plaintiff was actually harmed is not required for purposes of a motion to dismiss.

2. *Due Process*

Defendants do not object to the due process legal framework in the R&R. Rather, Defendants take issue with the Magistrate Judge's analysis of the sufficiency of Defendants' contacts with the forum, and whether Defendants have "purposefully availed" themselves to the forum. (Doc. No. 70 at pp. 15–19). As an initial matter, Defendants contend that the Magistrate Judge erred by not providing a separate analysis for each of the three Defendants. (Doc. No. 73 at p. 15). Defendants cite to two cases, neither of which require a separate analysis of Defendants under these circumstances.[4] (*Id.*) Plaintiff alleges that Karras "owned, operated, directed, and

---

[4] In *Rush v. Savchuck*, the Supreme Court found that consideration of the "defending parties" together for a personal jurisdiction analysis was unconstitutional. The Court noted that "the parties' relationships with each other may be significant in evaluating their ties to the forum." 444 U.S. 320, 332, 100 S. Ct. 571, 579, 62 L. Ed. 2d 516 (1980). However, in that case, there was no interrelationship between the parties aside from that of an insured-insurer: one defendant was the owner of the car causing injury to the plaintiff, and another defendant was the insurance company on the policy. *Id.* at 574. In the present case, the parties have a significant interrelationship and Plaintiff alleges infringing actions taken by all three Defendants. Additionally, Plaintiff cites *Miller Yacht Sales, Inc. v. Smith*, but in that case, the court actually treated the defendants as a partnership for purposes of personal jurisdiction due to their interactions and the plaintiff's allegations. 384 F.3d 93, 95 n.1 (3d Cir. 2004).

otherwise used" Double A to offer products under the ARES ARMOR mark. (Doc No. 1 ¶ 12). Karras's own affidavit states that Lycurgan maintains the website with the allegedly infringing mark. (Doc. No. 35-1 ¶¶, 28, 31). Additionally, Plaintiff alleges that Karras owns and controls both Double A and Lycurgan. (Doc. No. 1 ¶ 16). Given the relationship of the parties, the undersigned Judge finds no error in the Magistrate Judge's use of the plural "Defendants" in referring to Double A, Lycurgan, and Karras in analyzing personal jurisdiction.

The due process analysis for personal jurisdiction requires the Court to analyze three factors:

> (1) whether plaintiff's claims "arise out of or relate to" at least one of defendants' contacts with the forum; (2) whether a defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

*Louis Vuitton*, 736 F.3d at 1355. For the "minimum contacts" element, the Magistrate Judge correctly reasoned that the "effects" test may be applied in intentional torts cases. Defendants do not dispute this. Instead, Defendants' first objection is that the Magistrate Judge placed too much weight on the interactivity of Defendants website in analyzing the "minimum contacts" and "purposeful availment" elements. (Doc. No. 73 at pp. 17–20). Second, Defendants object to the Magistrate Judge's determination that jurisdiction does not offend notions of fair play and substantial justice. (*Id*. at p. 19).

In support of their argument, Defendants rely on two distinguishable cases. As the Magistrate Judge noted, one of the cases, *Shamsuddin v. Vitamin Res. Prods.,* 346 F. Supp. 2d 804, 805 (D. Md. 2004), is an out-of-circuit case, that pre-dates the cases the Magistrate Judge relies on, and was a patent infringement case involving only two sales to Florida. (*Id*. at p. 20). In

Defendants' other cited case, *Instabook Corp. v. Instantpublisher.com*, 469 F. Supp. 2d 1120 (M.D. Fla. 2006), the court emphasized a lack of controlling case law at the time of the decision, and the court outlined a number of possible approaches for analyzing the due process prong in the context of websites. 469 F. Supp. at 1125–26. Since that decision, the Eleventh Circuit has analyzed the issue, providing district courts with further guidance. *See Licciardello*, 544 F.3d at 1288; *Louis Vuitton*, 736 F.3d at 1357 ("in addition to his fully interactive 'pendoza.com' website accessible in Florida, Mosseri had other contacts with Florida—through selling and distributing infringing goods through his website to Florida consumers—and the cause of action here derives directly from those contacts."). The Court relies on these cases, thus the legal framework outlined in the R&R is correct. Moreover, the Magistrate Judge did not rely solely on the interactivity of Defendants' website. In addition to Defendants' allegedly infringing use of Plaintiff's mark on their interactive website accessible in Florida, the Magistrate Judge considered Defendants' other connections with Florida: that Defendants made around 2% of sales to Florida, and that Karras purchased products in 2012 and 2013 from a company in Florida. (Doc. No. 70 at p. 20).

As for the last element, that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice," the Court agrees with the R&R. Defendants ask the Court to place substantial weight on their burden of litigating in Florida but do not cite any case law in support. (Doc. No. 73 at p. 20). There are two important interests Defendants overlook—the interest of Plaintiff in obtaining effective relief and the state of Florida's "strong interest in affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida." *Licciardello*, 544 F.3d at 1288. The Magistrate Judge properly considered and balanced these interests and found that the latter two outweigh Defendants' burden of traveling to

Florida to litigate. (Doc. No. 73 at p. 23). Therefore, the Court concludes that it may properly exercise jurisdiction over Defendants.

### B. Laches

There is no objection that the doctrine of laches is applicable for trademark infringement claims. Because there is no statute of limitations for Lanham Act claims, courts use the state limitations period as a "touchstone." *AmBrit, Inc. v. Kraft, Inc*., 812 F.2d 1531, 1546 (11th Cir. 1986). The Florida statute of limitations period for trademark claims is four years. *Id.* To demonstrate laches, a defendant must show "1) a delay in asserting a right or claim, 2) that the delay was not excusable, and 3) that there was undue prejudice to the party against whom the claim is asserted." *Id.* at 545. Noting that the usual procedure for asserting a laches defense is as an affirmative defense in the answer to the complaint, the Magistrate Judge concluded that Defendants' arguments raise a number of factual issues not appropriate for determination on a motion to dismiss. (Doc. No. 70 at p. 5). Specifically, whether or not there was a delay; whether it was excusable; and whether Defendants suffered prejudice are issues that benefit from a more fully-developed factual record. (*Id*.)

Defendants contend that "[s]ubstantial evidence has been presented that Plaintiff discovered Defendants' use of the mark in 2010." (Doc. No. 73 at p. 6). Defendants point to the following: (1) that Defendants began using the ARES mark in 2010; (2) it was publicly accessible in 2010; (3) that Defendants had an online presence in 2010–2011; and (4) that Defendants allege that Plaintiff learned of their use of the ARES mark in 2010. (*Id*. at pp. 6–7; Doc. No. 48-1 ¶¶ 10–13; 17–21). In order to consider this evidence, Defendants ask the Court to convert their motion to dismiss into a motion for summary judgment. (Doc. No. 73 at p. 7). In its discretion, the Court declines to do so. "A judge need not convert a motion to dismiss into a motion for summary

judgment as long as he or she does not consider matters outside the pleadings." *Harper v. Lawrence Cty.*, 592 F.3d 1227, 1232 (11th Cir. 2010). Given the procedural posture of the case, the "conclusory nature" of the affidavits Karras submitted to the Court, and the "fact-intensive inquiry" required, the undersigned Judge will not convert the motion into one for summary judgment. *See Heckert v. 2495 McCall Road Corp.*, No. 2:07-cv-310-FtM-34SPC, 2008 WL 508079, at *6 (M.D. Fla. Feb. 21, 2008). Therefore, the Court does not consider Defendants' affidavits at this time.[5] Nothing prevents Defendants from raising a laches defense at the summary judgment stage.

### C. Imposing Individual Liability on Karras

Karras argues that Plaintiff must allege facts sufficient to pierce the corporate veil to hold him individually liable. (Doc. No. 73 at p. 16). In the R&R the Magistrate Judge cited Eleventh Circuit authority holding that a corporate officer may be held individually liable for infringing activity if he "directs, controls, ratifies, participates in, or is the moving force behind the infringing activity . . . without regard to piercing the corporate veil." (Doc No. 70 at pp. 10–11) (quoting *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1183–84 (11th Cir. 1994)); *see also*, *Mosseri*, 736 F.3d at 1354; *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472 (11th Cir. 1991). The Eleventh Circuit has recently affirmed this proposition. *ADT LLC v. Alarm Prot. Tech. Fla.,*

---

[5] Defendants asked the Court to convert its motions to that of summary judgment only for the laches issue. (Doc. No. 73 at p. 7). The Court emphasizes that it does not consider Defendants' Affidavits for purposes of determining whether laches has been established on the face of the Complaint. The Court concludes that it has not been. However, the Court does consider Defendants' Affidavits for purposes of the personal jurisdiction analysis because case law permits a defendant to submit an affidavit to challenge the court's jurisdiction. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). The Court only considered Defendants' Affidavits insofar as it determined they consisted of conclusory assertions regarding Defendants' contacts with Florida (or alleged lack thereof).

*LLC*, Nos. 15-11277, 15-12650, 2016 WL 1161318, at *5 (11th Cir. Mar. 24, 2016) ("Specifically, a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil.").

Moreover, other district courts have held that allegations similar to Plaintiff's are sufficient to withstand a motion to dismiss, particularly due to the lack of evidence at the motion to dismiss stage. *See Bentley Motors Ltd. Corp. v. McEntegart*, No. 8:12-cv-1582-T-33TBM, 2012 WL 4458397, at *3 (M.D. Fla. Sept. 26, 2012); *Menper Distribs., Inc. v. Germa Prods., Inc.*, No. 11-21792-CIV, 2011 WL 2983716, at *2 (S.D. Fla. July 22, 2011). Since Plaintiff alleges that Defendant Karras "owned, operated, directed, and used Double A" to offer products bearing the ARES mark, the Court finds no basis to dismiss Karras from the Complaint. (Doc No. 1 ¶ 12). The Court must make this determination based on Plaintiff's pleadings, and does not evaluate evidence of Karras's actual involvement at this stage.

### *D. Defendants' Objections Related to Conclusory Allegations in the Complaint and the Magistrate Judge's Weighing of the Factors for Transfer or Dismissal*

Defendants argue that the R&R did not properly consider the "conclusory allegations" and "missing elements" in the Complaint. (Doc. No. 73 at p. 18). Specifically, that Plaintiff did not allege it owns the mark and did not properly allege "likelihood of confusion." (*Id*. at pp. 18, 20).

To establish that it has a valid trademark, the plaintiff must prove that it used the mark in commerce prior to the defendant's use of a potentially confusing mark. *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 636 F. Supp. 2d 1283, 1297 (M.D. Fla. 2009). Thus, ownership of a trademark is established by first use and not by registration. Since Plaintiff's Complaint alleges that it has been using the ARES mark since 1999 and that it has "established valuable goodwill"

in the mark, Plaintiff has sufficiently alleged a factual basis for trademark ownership. The undersigned Judge agrees with the R&R finding that the ARES mark is suggestive. (Doc. No. 70 at p. 8). Additionally, the Magistrate Judge reasoned that Plaintiff alleged facts demonstrating a likelihood of confusion because Plaintiff alleged that Defendants' mark is confusingly similar to its mark and that actual confusion has already occurred. (Doc. No. 70 at pp. 8–9). Plaintiff has properly alleged likelihood of confusion, and the "fact-intensive" nature of the inquiry is better suited for summary judgment. Additionally, the Magistrate Judge provided a thorough analysis on Defendants Rule 12(b)(6) motion for failure to state a claim for trademark infringement. (*Id.* at pp. 7–11). The undersigned Judge adopts this reasoning and concludes that Plaintiff has properly stated a claim for trademark infringement.

Lastly, Defendants contest that the Middle District of Florida is the proper venue and argue that this case should be transferred to the Southern District of California. (Doc. No. 73 at pp. 20–21). As the Court has found that personal jurisdiction exists, and "a substantial part of the events or omissions giving rise to the claim occurred in Florida," venue is proper in Florida. 28 U.S.C. § 1391(b)(1), (b)(2). Additionally, the Magistrate Judge properly weighed and considered the factors—convenience of the parties and the interests of justice—and properly determined that this case should not be transferred. (Doc. No. 70 at pp. 26–27). Therefore, the Court will not transfer this case.

### IV.   CONCLUSION

Based on the foregoing, it is ordered as follows:

1. The Defendants Dimitrios Karras, Lycurgan, Inc., and Double A Industries' Objection (Doc. No. 73), filed March 24, 2016, is **OVERRULED**.

2. The Report and Recommendation (Doc. No. 70), issued March 10, 2016, is **ADOPTED and CONFIRMED** and made a part of this Order.

3. The Defendants Lycurgan, Inc. and Double A Industries' Motion to Dismiss, or in the Alternative, Transfer Venue (Doc. No. 35), filed on November 9, 2015, is **DENIED**.

4. The Defendant Dimitrios Karras's Motion to Dismiss, or in the Alternative, Motion to Transfer Venue (Doc. No. 48), filed on December 11, 2015, is **DENIED**.

5. Plaintiff ARES Defense Systems, Inc.'s Joint Motion to Dismiss Defendants Bryce Stirlen, Ares Armor, Inc., and Lake House Capital Management, LLC from this lawsuit (Doc. No. 74), filed on March 29, 2016, is **GRANTED**. The Clerk is **DIRECTED** to **DISMISS** with prejudice and terminate all counts against Defendants Bryce Stirlen, Ares Armor, Inc., and Lake House Capital Management, LLC.

6. Defendants Dimitrios Karras, Lycurgan, Inc., and Double A Industries **SHALL FILE** an answer to Plaintiff's Complaint within fourteen days.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 18, 2016.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Magistrate Judge